**MEMO ENDORSED**

**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

DIRECT DIAL: (212) 545-4053
EMAIL ADDRESS: WEISBRODD@JACKSONLEWIS.COM

September 6, 2013

**VIA FACSIMILE (212) 805-7943**
The Honorable Edgardo Ramos
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/6/13

Re: Mazayer v. La Prairie, Inc., Neiman Marcus Group and Neiman Marcus Inc., d/b/a Bergdorf Goodman
Civil Action No. 13-cv-4637

Dear Judge Ramos:

We represent Defendants Neiman Marcus Group and Neiman Marcus Inc.[1] (collectively "Neiman Defendants"), in the above-referenced matter and write this letter to request a pre-motion conference to seek permission to file a motion to dismiss Plaintiff Scotti Mazayer's ("Plaintiff") Complaint. The Neiman Defendants anticipate this request being heard at the September 12, 2013 conference.

Plaintiff asserts claims for unpaid minimum wage, overtime and spread of hours pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff also brings a vague breach of contract claim for unpaid wages, apparently under the same theories as his FLSA and NYLL statutory claims. Dismissal of Plaintiff's claims as asserted against the Neiman Defendants is warranted because Plaintiff does not plead sufficient facts establishing the Neiman Defendants were his employer.

**A.   The Standard for Dismissal.**

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) if it does not state a claim that is "plausible on its face." Mitchell v. Project Renewal, 09 Civ. 1958, 2010 U.S. Dist. LEXIS 8323 (S.D.N.Y. Jan. 29, 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] Plaintiff incorrectly names the first Defendant "Neiman Marcus Group", which should be "The Neiman Marcus Group, Inc." In addition, the second Defendant, Neiman Marcus, Inc. has recently changed its name to "Neiman Marcus Group LTD Inc."

**jackson|lewis**
Attorneys at Law

The Honorable Edgardo Ramos
September 6, 2013
Page 2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)); see also Slamna v. API Rest. Corp., 12 CV 757, 2012 U.S. Dist. LEXIS 102043, at *13-14 (S.D.N.Y. July 18, 2012) (dismissing FLSA and NYLL because plaintiffs failed to allege sufficient facts establishing an employment or joint employment relationship). To meet this burden, a plaintiff is required to do more than draw "conclusions" and state "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; see also Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 113 (2d Cir. 2013).

B. **Plaintiff's FLSA and NYLL Claims Must Be Dismissed Because Plaintiff Does Not Plead an Employment Relationship with the Neiman Defendants.**

To be held liable under the FLSA or NYLL, a defendant must be an "employer," which is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); see Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 355 n.13 (S.D.N.Y. 2010) (definitions of "employer" under FLSA and NYLL are co-extensive). In determining whether a defendant is an employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question...with an eye to the 'economic reality' presented by the facts of each case," including power to hire/fire, supervision/control of work schedule, determination of rate/method of payment, and maintenance of employment records. Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999). Accordingly, to state a viable claim under both the FLSA and NYLL, a plaintiff must provide factual allegations which establish that each defendant had the ability to control the terms and conditions of the plaintiff's employment. See id. at 135 ("[C]ontrol of employees is central to deciding whether appellant should be deemed an employer."); Lopez v. Acme, No. 12-cv-511, 2012 U.S. Dist. LEXIS 173290, at *11 (S.D.N.Y. Feb. 6, 2012) (holding that "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees" and dismissing the complaint pursuant to Rule 12(b)(6)); see also Lans v. Kiska Constr. Corp., No. 96 Civ. 4114 (KMW)(AJP), 1997 U.S. Dist. LEXIS 21271, at *16 (S.D.N.Y. Apr. 18, 1997) (dismissing entity as plaintiff's "employer" where plaintiff failed to assert any "facts supporting the employment relationship" and merely set forth "in conclusory terms that the [defendant] is her 'employer'").

Plaintiff's Complaint against the Neiman Defendants must be dismissed because it is devoid of any factual allegations to show that the Neiman Defendants functioned as his employer within the meaning of the FLSA or NYLL. Plaintiff offers the exact same formulaic resuscitation of the Herman factors for each Defendant, without any particularized factual support whatsoever. See Complaint ¶ 32 ("[T]he Plaintiff alternatively alleges that he performed his duties for the Defendants under the direction and control of personnel employment by [Neiman Marcus, Inc.], who had control over the terms and conditions, including the hours, of his employment, had the power to make decisions regarding hiring, firing, rates, and method of the payment of wages, and maintained the records pertaining to all of the foregoing."). The bulk of Plaintiff's remaining allegations are directed to "Defendants" generally without any distinction among the three. See, e.g., Complaint ¶ 29 ("Plaintiff regularly worked for

**jackson | lewis**
Attorneys at Law

The Honorable Edgardo Ramos
September 6, 2013
Page 3

Defendants in excess of forty (40) hours per week"). Such cursory allegations, which merely parrot the applicable legal test and lack any discernible factual basis, are insufficient as a matter of law to establish that either Neiman Defendant was Plaintiff's employer. See, e.g., Cannon v. Douglas Elliman, LLC, No. 06-cv-7092, 2007 U.S. Dist. LEXIS 91139, at *12 (S.D.N.Y. Dec. 10, 2007) (dismissing FLSA and NYLL claims because "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work"). Accordingly, Plaintiff's FLSA and NYLL claims (First, Second, Third, Fourth, and Fifth Causes of Action) as asserted against the Neiman Defendants fail as a matter of law and must be dismissed.

C. **The Breach of Contract Claim Fails as a Matter of Law.**

Plaintiff's Sixth Cause of Action for breach of contract fails for the same reason his statutory claims fail. Plaintiff has not specifically or sufficiently alleged that the Neiman Defendants, as opposed to co-Defendant La Prairie, Inc., ever employed him, or otherwise contracted to pay him an hourly rate of pay.

Respectfully submitted,

JACKSON LEWIS LLP

Dana G. Weisbrod /cj

cc: Tara L. Touloumis, Esq.
William Cafaro, Esq.
Sandra McCandless, Esq.

*A Premotion conference will be held on September 12, 2013 at 10:15 am. Plaintiff is directed to submit a written response not longer than 3 pages by September 11, 2013*

SO ORDERED:

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE